GUY LAMKIN and Others, Respondents, v. SAMUEL M. OPPENHEIM, Appellant.

*Order of arrest — when allowable under Code of Civil Procedure, § 549 — omission from an affidavit of the title of the action.*

Allegations sufficient to establish that the defendant was guilty of fraud in contracting or incurring the liability sought to be charged upon him, and that the plaintiff is entitled to an order of arrest under the provisions of section 549 of the Code of Civil Procedure.

Under the provisions of section 728 of the Code of Civil Procedure, the omission of the title of an action from an affidavit does not impair its effect if the affidavit intelligently refers to the action in which it is made.

APPEAL by the defendant, Samuel M. Oppenheim, from an order of the Supreme Court, made by a justice at chambers and entered in the office of the clerk of the county of Erie on the 22d day of November, 1894, denying the defendant's motion to vacate an order of arrest.

*B. F. Dake,* for the appellant.

*George S. Wardwell,* for the respondents.

FIFTH DEPARTMENT, MARCH TERM, 1895.            [Vol. 86.

LEWIS, J.:

The order of arrest was granted upon the complaint, the affidavits of Alfred S. Foster, one of the plaintiffs, and of George S. Wardwell, one of plaintiffs' attorneys.

It is the contention of the defendant's counsel that the papers failed to make a case for an order of arrest.

It was stated in Mr. Foster's affidavit that the plaintiffs were co-partners, carrying on business in the city of Boston, Mass.; that an action was about to be brought by the plaintiffs as such co-partners against the defendant to recover damages to the amount of $139.20.

The facts out of which the cause of action arose were stated in the affidavit as follows : " That heretofore and on or about the 9th day of May and 16th day of May, 1894, the defendant ordered of these plaintiffs, as such co-partners, goods, wares and merchandise consisting of shoes of the value, and for which the defendant promised and agreed to pay the sum of one hundred and thirty-nine dollars and twenty cents ($139.20), on a term of credit of sixty days; that no part of said amount has been paid; that for the purpose of inducing these plaintiffs to sell such goods to him said defendant, who was conducting a boot and shoe store in the city of Buffalo, N. Y., stated and represented to these plaintiffs, among other things, that he had a stock of goods worth at least $7,000, $100 in good accounts; owned no real estate or other property except said stock of goods and accounts; was worth at least the sum of $5,000 over and above all debts and liabilities which he owed or had incurred, based on the assets of his business as aforesaid, less his business liabilities, as aforesaid; that his total indebtedness did not exceed $1,800, which amount was for merchandise, and that he was owing no borrowed capital or money."

The affidavit then refers to an affidavit of George S. Wardwell, as annexed to the deponent's affidavit, and in which it is alleged certain facts appear. It was further alleged that the said statements of the defendant were made for the purpose of inducing the plaintiffs to sell to him the said goods, and that the plaintiffs relied on said statements and believed them to be true, and were induced thereby to sell and deliver the goods to the defendant.

It is stated in the affidavit of Mr. Wardwell that he was one of

the attorneys for the plaintiffs herein, and that on the 20th day of June, 1894, the defendant confessed a judgment in the Supreme Court in favor of Rachel Oppenheim, his wife, for the sum of $4,458.20 damages and $16.31 costs; that the confession of judgment states that the whole amount of said damages was for money loaned by said Rachel Oppenheim to said defendant at various times between March 1, 1892, and December 19, 1893, each of which loans was made payable one year from the date thereof, and that according to said confession there was due and unpaid from said defendant to his wife for moneys loaned prior to March 1, 1894, the sum of $3,800 and interest, and $200 not yet due, with interest from December 19, 1893, as by reference to said confession filed in the Erie county clerk's office will more fully appear.

It is further stated in Mr. Wardwell's affidavit that an execution had been issued upon said judgment, and the entire stock of goods, consisting of boots, shoes and rubbers, belonging to said defendant was sold by virtue of said execution by the sheriff to the plaintiff, Rachel Oppenheim, for exactly the amount of her judgment, with interest and expenses of sale added; that Mrs. Oppenheim thereafter carried on the business in her own name, and that the defendant had stated to deponent since said sale that he had no means whatever, and that he had paid none of his merchandise accounts, and that his wife had taken everything he had under said execution sale. These facts would seem to bring the case fairly within subdivision 4 of section 549 of the Code of Civil Procedure, which provides for an order of arrest where it is made to appear that the defendant was guilty of fraud in contracting or incurring the liability.

The affidavit of the attorney, Mr. Wardwell, is criticised by the appellant's counsel, first, for the reason that there is nothing in it showing to what action or person it refers, except Rachel Oppenheim.

The affidavit was not entitled in any action, but the omission of the title does not impair its effect if it intelligently refers to the action in which it is made. (Code Civ. Proc. § 728.)

It was annexed to the affidavit of Mr. Foster, one of the plaintiffs, at the time it was used to obtain the order Foster's affidavit refers to. Mr. Wardwell's affidavit was annexed to his, and the

order of arrest recites that it was so annexed. Foster's affidavit was entitled in the action. Wardwell's affidavit fails to mention the defendant's name, simply referring to him as the defendant in the action, without specifically stating what action is referred to. But it fairly appears from a perusal of the entire affidavit that it was made in the action the title of which was stated in Foster's affidavit, and though it was unskilfully drawn we think it was properly used as a basis for the order, and that the papers made a case for the order.

The order appealed from should be affirmed, with ten dollars costs and disbursements of the appeal.

DWIGHT, P. J., and BRADLEY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.